IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARINA BOURKOV,

Plaintiff,

v.

BANK OF AMERICA CORPORATION; BAC HOME LOAN SERVICING, L.P. AKA COUNTRYWIDE FINANCIAL CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GUILD MORTGAGE COMPANY; RECONTRUST COMPANY, N.A.; FIDELITY NATIONAL TITLE COMPANY; AND DOES 1-50, inclusive,

Defendants.

2:10-cv-01028-GEB-KJM

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT AND DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS*

Defendant Fidelity National Title Company filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint on May 6, 2010. (Docket No. 6.) However, on May 13, 2010, Plaintiff timely filed a first amended complaint, which is now the operative pleading. Fed. R. Civ. P. 15(a)(1)(B) (stating that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)"); see also Hal

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (stating that an amended complaint supercedes the prior complaint). Since the pending dismissal motion does not address the operative pleading, it is denied as moot.

However, Plaintiff's first amended complaint alleges three claims under California law and has eliminated the federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims which provided the sole basis for removal of this action to federal court. Since Plaintiff is no longer pursuing any federal claims, the court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed. This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996). Acri, 114 F.3d at 1001. Comity weighs in favor of declining supplemental jurisdiction since state courts have the primary responsibility for developing and applying state law. See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law

claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims). Further, none of the other Gibbs factors favor retaining supplemental jurisdiction over Plaintiff's state law claims in this case. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and this case is remanded to the El Dorado County Superior Court in the State of California from which it was removed.

Dated: May 18, 2010

GARLAND E. BURRELL, JR.
United States District Judge